**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4032**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMON TERRELL HEYWARD,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:07-cr-00731-PMD-1)

———————

Submitted:  June 25, 2008          Decided:  July 21, 2008

———————

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. John Charles Duane, Eric John Klumb, Assistant United States Attorneys, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Terrell Heyward pled guilty to possessing a firearm and ammunition after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), and the district court sentenced him to 110 months in prison and three years of supervised release.  On appeal, Heyward's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in her opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 when it accepted Heyward's guilty plea, and whether the district court's sentence was reasonable.  Heyward has filed a pro se supplemental brief raising the issues of whether he is entitled to resentencing based on the recent amendment to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.2(a)(2) (2007), and whether the district court plainly erred in calculating his guideline range.  Finding no reversible error, we affirm.

Appellate counsel first questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Heyward's guilty plea, but she alleges no error by the district court and concludes the court fully complied with the rule.  Because Heyward did not move in the district court to withdraw his guilty plea, we review any challenge to the adequacy of the Rule 11 hearing for plain error.  United States v. Martinez, 277 F.3d 517, 525 (4th

Cir. 2002). We have reviewed the record and find no plain error in the district court's acceptance of Heyward's guilty plea.

Appellate counsel next questions whether the district court's sentence was reasonable, but she alleges no error and concludes the district court did not abuse its discretion in sentencing Heyward. In his pro se supplemental brief, Heyward questions whether the district court erred in calculating his criminal history category and his offense level.

We review Heyward's sentence for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 597 (2007). "The first step in this review requires us to 'ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range.'" United States v. Osborne, 514 F.3d 377, 387 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 76 U.S.L.W. 3629 (2008). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. We presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456 (2007) (upholding our presumption).

We have reviewed the record and find Heyward's sentence is both procedurally and substantively reasonable, and the district court did not abuse its discretion in imposing the sentence.

First, the district court properly calculated Heyward's guideline range. The court correctly determined his base offense level was twenty-four under U.S.S.G. § 2K2.1(a)(2), because he committed the instant offense subsequent to sustaining at least two felony convictions of a controlled substance offense, and correctly added four levels under U.S.S.G. § 2K2.1(b)(6), because Heyward possessed the firearm and ammunition in connection with another felony offense, namely, involuntary manslaughter. Although the probation officer did not recommend that Heyward receive an acceptance of responsibility reduction under U.S.S.G. § 3E1.1, the district court sustained his counsel's objection and granted Heyward a three-point reduction. Thus, his total offense level was twenty-five. With a criminal history category VI, and a 120-month statutory maximum, Heyward's guideline range was 110 to 120 months in prison.

Heyward also challenges the calculation of his criminal history category, contending that he should get the benefit of a recent amendment to U.S.S.G. § 4A1.2(a)(2) regarding when multiple prior sentences are counted separately or as a single sentence, and that his criminal history category should be lower. We agree that the 2007 edition of the guideline manual applies to Heyward's case, because it was in effect when he was sentenced and his presentence report, which was revised on November 15, 2007, states that the 2007 edition was used in preparing the report. However, even in

- 4 -

light of the amendment, we conclude that Heyward's criminal history category was correctly determined to be VI.

Specifically, Heyward challenges the points assessed for his multiple prior sentences on April 1, 1998 and November 6, 2001. However, the two offenses for which he was sentenced on April 1, 1998 were separated by an intervening arrest, and thus properly counted separately. Even assuming that the two offenses for which Heyward was sentenced on November 6, 2001 should be counted as a single sentence, this would only reduce his criminal history score by one point to a total of seventeen points. Because Heyward would still be in criminal history category VI and his guideline range the same, this would not constitute significant procedural error.

Finally, we conclude that the district court reasonably determined that a sentence at the low end of Heyward's advisory guideline range was appropriate. The Government argued for a sentence at the statutory maximum, because Heyward's criminal history was extensive and the instant offense resulted in the death of a close relative, which could have been avoided. Heyward requested a sentence of less than the statutory maximum so that he would have a chance to come back to his family and start the healing process with them. Although Heyward did not contest any of his criminal history points in the district court, he also argued that his drug crimes involved small quantities, that he was not a violent man, and he had no prior convictions for gun crimes. A

number of his family members and friends testified on his behalf. The district court considered the guidelines and the statutory factors. The court acknowledged Heyward's remorse was genuine and the situation was a tragedy. Although the court gave him a bit of a break in deference to his family, the court determined a guideline sentence was appropriate because of Heyward's extensive criminal history and the seriousness of the offense.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore deny Heyward's pro se motion for transcripts at government expense and affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>